Case 1:25-cv-00104    Document 25    Filed on 07/10/25 in TXSD    Page 1 of 2

United States District Court
Southern District of Texas
**ENTERED**
July 10, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HOMELAND SECURITY, <br> "Petitioner," <br><br> v. <br><br> GABAR CHOLI, <br> "Respondent." | § § § § § § § § § | Civil Action No. 1:25-cv-00104 |

## ORDER

Before the Court is Respondent's Oral Motion for Appointment of Counsel ("Oral Motion") and Petitioner's "Response to Respondent's Oral Motion for Appointment of Counsel" (Dkt. No. 23) ("Response"). For these reasons, Respondent's Oral Motion is **DENIED.**

### I.    BACKGROUND

This is the second involuntary medical care case filed by Petitioner against Respondent. Dkt. No. 13 at 2-3. Respondent, an Iranian citizen, began his hunger strike March 24, 2025. *Id.* The prior case was dismissed when Respondent voluntarily ceased his hunger strike. *Id.* Since the start of the second hunger strike, this Court has granted Petitioner a preliminary injunction to administer care by restraint. Dkt. No. 15.

At the preliminary injunction hearing, Respondent was asked for clarification on his Letter to the Court (Dkt. No. 18). Respondent's Letter, taken together with his oral testimony, is a request for a court appointed attorney in the above action.

### II.    LEGAL STANDARD

Pursuant to 28 U.S.C. § 1915(e)(1), the court may appoint an attorney to represent a litigant in federal court, but there is no automatic right to appointment of counsel in a civil rights case. *Romero v. Becken*, 256 F.3d 349, 353-54 (5th Cir. 2001). In deciding whether to appoint counsel, the court should consider the likelihood of success on the merits, the type, and complexity of the case, the litigant's ability to investigate and present the case, and the level of skill required to present the evidence. *Ulmer v. Chancellor*, 691 F.2d 209, 212-13 (5th Cir. 1982).

### III.    DISCUSSION

This is a straightforward case. Respondent's continuation of his hunger strike and refusal to drink places his life in imminent danger. Without the involuntary administration of hydration,

by nasogastric tube or intravenous feeding, Respondent faces a high probability of death in the very near future.

Petitioner has compelling governmental interests in the preservation of life of individuals in its care and custody, in the prevention of suicide of those individuals, and in the enforcement of security, order, and discipline in its facilities. These interests outweigh any constitutional rights that Respondent asserts in the circumstances of this case. *Washington v. Harper*, 494 U.S. 210, 227 (1990); *Estelle v. Gamble*, 429 U.S. 97, 104 (1971).

Thus, this Court will continue to grant Petitioner's motions to administer necessary medical care to Respondent. Since Respondent is highly unlikely to successfully challenge these motions, and counsel would not aid in any investigation or presentation of his defense, it would be inappropriate to appoint counsel.[1]

### IV. CONCLUSION

For these reasons, Respondent's Oral Motion is **DENIED**. In addition, the hearing scheduled for July 16, 2025 is rendered moot by this order, and hereby canceled.

Signed on this 10th day of July 2025.

Rolando Olvera
United States District Judge

---

[1] Respondent argues for appointment of counsel in presenting alleged constitutional claims wholly outside the scope of this cause of action. It is premature for this Court to rule on appointment of counsel in such matters.